IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES LEA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. **3:26-CV-61-L** |
| | § | |
| **2325 STEMMONS HOTEL PARTNERS, LLC; and TPG HOTELS AND RESORTS, INC.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Amended Motion for Partial Summary Judgment ("Amended Motion") (Doc. 30). The court **denies** the Amended Motion (Doc. 30) for the reasons herein explained.

## I. Background

Plaintiff James Lea ("Plaintiff") brought this action against 2325 Stemmons Hotel Partners, LLC and TPG Hotels and Resorts, Inc. ("Defendants") on January 10, 2026, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., and related Texas statutes. Plaintiff contends that the Hilton Garden Inn Dallas/Market Center owned by Defendants contains numerous discriminatory violations of Accessibility Guidelines applicable to places of public accommodation. He first moved for partial summary judgment on his ADA claim on August 5, 2026. Doc. 26. On August 6, 2026, the court entered an order (Doc. 29) denying without prejudice this motion because Plaintiff did not comply with this District's Local Civil Rules ("Local Rule(s)") for summary judgment briefing. Later the same day, Plaintiff filed his Amended Motion (Doc. 30). As the Amended Motion is substantively and procedurally flawed, the court determines

that there is no need to await a response by Defendants or a reply by Plaintiff before issuing its ruling.

## II. Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for

trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

## III. Discussion

Plaintiff's Amended Motion contains argument and citations to evidence, but it does not identify each element of his ADA claim, fails to identify evidence supporting each element of his ADA claim, and does not include relevant legal authority or explain how the evidence relied on by him establishes a violation of the ADA as required by Local Rule 56, which incorporates Local Rule 7.1. Instead, his Amended Motion is disjointed and consists primarily of a list of alleged ADA violations that tracks his pleadings. On pages 20 through 22, the Amended Motion includes some random citations to legal authority and argument that appear to be directed at issues that Plaintiff anticipates Defendants will raise in response to the Amended Motion, but this does not satisfy his burden of identifying each element, relevant United States Supreme Court or Fifth Circuit legal authority, and evidence to support each element of his ADA claim as required to "establish beyond peradventure *all* of the essential elements of [his ADA claim] to warrant judgment in his favor." *Fontenot*, 780 F.2d at 1194. In sum, the Amended Motion is inadequately briefed and insufficient as presented to satisfy Plaintiff's burden as the summary judgment movant on his ADA claim.

## IV. Conclusion

For the reasons discussed, the court **denies** Plaintiff's Amended Motion (Doc. 30). While the court normally denies without prejudice a motion that does not comply with applicable Local Rules, this is the second time Plaintiff has not complied with the Local Rules for summary

judgment motion practices after the court brought to his attention Local Rule 56. Moreover, his failure to identify each of the elements of his ADA claim and evidence supporting each element amounts to not only a failure to comply with Local Rule 56, but also a failure to comply with Federal Rule of Civil Procedure 56 and Fifth Circuit legal authority regarding a movant's burden when he or she seeks summary judgment on his or her own claims. When a motion such as Plaintiff's Amended Motion is inadequately briefed, it is not incumbent on the court to speculate regarding the legal or evidentiary bases for arguments or discern how the law and evidence might support a litigant's argument. Accordingly, Plaintiff's Amended Motion (Doc. 30) is **denied with prejudice**.

*Further, Plaintiff's continued failure to comply with applicable Local Rules or Federal Rules of Civil Procedure may result in the sua sponte striking of the noncompliant filing or other sanctions that the court deems appropriate, including but not limited to the striking of pleadings, entry of default judgment, or monetary sanctions against Plaintiff, his counsel, or both. That Plaintiff's lead counsel is licensed in Florida and is proceeding pro hac vice in this case does not exempt him from complying with applicable rules, as Local Rule 83.9 makes clear that, by appearing in any case, an attorney becomes subject to the rules of this court. Likewise, Plaintiff's local counsel should be familiar with this District's Local Rules.*

**It is so ordered** this 10th day of August, 2026.

Sam A. Lindsay
Sam A. Lindsay
United States District Judge